IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 15-180-6 |
| v. : | |
| : | |
| ROBERT HARTLEY : | |
| : | |

## ORDER

AND NOW, this 21st day of January, 2016, upon consideration of "Defendant Hartley's Motion to Dismiss the Indictment for Lack of Jurisdiction and for the Ambiguity of 18 U.S.C. Section 1951" (Doc. No. 246), it is hereby **ORDERED** that the motion is **DENIED**.[1]

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.

---

[1] Defendant Hartley, having pled not guilty to two counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, brings this motion to dismiss the charges against him based on the purported "ambiguity" of the Hobbs Act. Defendant contends that the Hobbs Act – which was passed in 1946 as an amendment to the 1934 Anti-Racketeering Act – does not extend to the crimes for which he is charged, *i.e.*, "the robbery of drug dealers."

"Although the Hobbs Act was framed in the context of racketeering, the Supreme Court has concluded that Congress intended the law to sweep broadly and 'prevent anyone from obstructing, delaying, or affecting commerce, or the movement of any article or commodity in commerce by robbery or extortion as defined in the bill.'" United States v. Powell, 693 F.3d 398, 402 (3d Cir. 2012) (quoting United States v. Culbert, 435 U.S. 371, 377 (1978) (emphasis removed) (quoting H.R.Rep. No. 79–238, at 9 (1945))). Indeed, the Third Circuit has found the Hobbs Act to be applicable to the robbery of drug dealers since "the robbery of a drug dealer whose product originates outside [the state] has a direct nexus to interstate commerce." United States v. Walker, 657 F.3d 160, 182 (3d Cir. 2011). Accordingly, Defendant's motion is denied.